CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 FEB 26   PM 4: 44

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| OSCAR RAMIREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0041 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY, IN PART, AND DISMISS, IN PART, PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner OSCAR RAMIREZ has filed a Petition for a Writ of Habeas Corpus by a Person

in State Custody challenging a prison disciplinary proceeding that took place at the Neal Unit in

Potter County, Texas.  Petitioner is incarcerated at the Neal Unit pursuant to a 5-year 6-month

sentence assessed for his November 10, 2010 conviction of driving while intoxicated out of the 38th

District Court of Medina County, Texas. *See State v. Ramirez*, No.10-08-10486-CR.  The

undersigned United States Magistrate Judge is of the opinion petitioner's application for federal

habeas corpus relief should be DENIED, IN PART, and DISMISSED, IN PART.

I.
BACKGROUND

On May 27, 2011, petitioner was charged with violating prison rules by fighting an offender

without a weapon that resulted in a non-serious injury or no injury, a Level 2, Code 21.0 violation.[1] On May 27, 2011, petitioner received notification the disciplinary hearing was set for May 31, 2011. On May 31, 2011, after the hearing, petitioner was found guilty of the violation charged. The punishment assessed included the loss of ninety (90) days previously accrued good time. *See* Disciplinary Case No. 20110274071.

On June 3, 2011, petitioner appealed the disciplinary ruling by filing a Step 1 grievance. Petitioner's Step 1 grievance argued the written statement he gave on May 16, 2011 and photographs of his injuries were not submitted as evidence. Petitioner asserted his counsel did not discuss the case with him prior to the hearing. Petitioner stated that when he was served with the disciplinary case, he was only advised he violated Code 21.0. Petitioner claimed Sgt. Hinojosa's testimony or statement was improper, because it differed from petitioner's statement made on May 16, 2011. Petitioner stated that after he was confined for over ten days awaiting a disciplinary action, Capt. Perez said he could not find a disciplinary case against petitioner, so petitioner was released to general population. The following day, petitioner was served with a disciplinary case. Petitioner argued that after he spent ten days in confinement and was released, he should not have been served with a disciplinary case.

While the Step 1 grievance was pending, petitioner filed another Step 1 grievance on June 16, 2011, also seeking to have his disciplinary case dismissed. Petitioner alleged the following. On May 16, 2011, he was confined to pre-hearing detention. On May 24, 2011, Capt. Perez and Sgt. Alvarado told him that if there was no case against petitioner by later that day, they would release petitioner. Later that afternoon, petitioner was returned to general population. Petitioner argued that the disciplinary rules and procedures state that the offender must be served within 72 hours and if the

---

[1]The Offense Report alleged petitioner "did engage in a fight without a weapon with offender Valencia, Ruben #[redacted] by striking Valencia several times in the facial areas with closed fists. Moreover, the fight did not result in any injuries."

offender is not served within ten days or released from confinement, there must be an immediate

hearing. This second Step 1 grievance was returned to petitioner on June 16, 2011, because the

grievance was redundant to the first Step 1 grievance.

The disciplinary case was reviewed and, on June 27, 2011, the grievance was denied with the

following response:

> Major Disciplinary Case No. 20110274071 has been reviewed and no procedural
> errors were identified. Sufficient evidence was presented during the hearing process
> to support a guilty verdict. Review of the service investigation worksheet reflects
> you[] were appropriately represented by counsel substitute. All due process was
> observed. Punishment imposed is within agency guidelines. This officer found no
> valid reason to warrant overturning this case.

On July 1, 2011, petitioner completed a Step 2 grievance. By his Step 2 grievance, petitioner

argued the disciplinary rules and procedures were violated. He asserted a hearing should have been

held within 72 hours. He also contended that the rules provide that if an offender is not given a

disciplinary hearing within ten days, the offender shall be immediately released from pre-hearing

detention. Also, the rules require a major disciplinary be scheduled no later than seven days,

excluding weekends, after the alleged violation. Petitioner reiterated that counsel substitute failed to

discuss the case with him.

On July 28, 2011, petitioner's Step 2 grievance was denied with the following response:

> Major Disciplinary Case #20110274071 has been reviewed. The disciplinary charge
> was appropriate for the offense and the guilty verdict was supported by a
> preponderance of the evidence. All due process requirements were satisfied and the
> punishment assessed by the Disciplinary Hearing Officer was within agency
> guidelines. No further action is warranted in this matter.

Petitioner filed a federal habeas corpus application challenging Disciplinary Case No.

20110274071. Respondent filed an answer to petitioner's applications requesting certain of

petitioner's claims be dismissed with prejudice as unexhausted and procedurally barred and that

other claims be denied as being without merit. In a reply to respondent's answer, petitioner contends

his second Step 1 grievance was improperly rejected.  Petitioner relies on prison rules that state only

one issue may be raised per grievance.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner's federal petition contends his rights were violated during his disciplinary hearing

in the following manner:

1.  Denial of timely disciplinary hearing in violation of prison disciplinary rules
    and procedures;

2.  Counsel substitute provided an inadequate defense by not objecting to an
    improper statement of the charging officer and because there was a conflict of
    interest between counsel substitute and the disciplinary hearing officer;

3.  Denial of due process when he was denied the opportunity to read his written
    statement; and

4.  Insufficient evidence.

In a memorandum attached to the petition, petitioner contends the charges were false and he was

trying to protect himself.  He also states the disciplinary case was filed in retaliation against him for

engaging in protected conduct.

## III.
## EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA).  Consequently, no relief may be granted unless

petitioner has first exhausted the remedies available in the state courts, or an exception to exhaustion

exists.  Petitioner's habeas application may, however, be denied on the merits notwithstanding any

failure to exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(2).  This AEDPA

deference scheme also applies to a habeas challenge to the determination resulting from a prison

disciplinary procedure for which appeal is available through the grievance process.  *Baxter v. Estelle,*

614 F.2d 1030 1031-32 (5ᵗʰ Cir. 1980). An appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5ᵗʰ Cir. 1978).[2] Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 2081 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5ᵗʰ Cir. 2001).

Although petitioner challenged this disciplinary case through the prison grievance procedure, petitioner did not challenge the case on the grounds that counsel substitute failed to object to Sgt. Hinojosa's statement (Ground 2). Instead, petitioner contended in his June 3, 2011, Step 1 grievance that Sgt. Hinojosa's testimony or statement was improper because it differed from the statement petitioner submitted on May 16, 2011. Petitioner's Step 2 grievance asserted counsel substitute did not discuss the case with petitioner before the hearing and that counsel substitute had a duty to prepare the case before the hearing. However, petitioner did not allege in his June 3, 2011, Step 1 grievance or in his Step 2 grievance that counsel substitute failed to object to Sgt. Hinojosa's testimony or statement. Also, petitioner's Step 2 grievance did not raise any claim at all about Sgt.

---

[2]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

Hinojosa's testimony or statement.  Further, petitioner's June 3, 2011, Step 1 grievance and his Step 2 grievance did not raise any claim about a conflict of interest regarding counsel substitute and the disciplinary hearing officer (Ground 2).  Although petitioner claimed in his June 3, 2011, Step 1 grievance that his May 16, 2011, statement (Ground 3) and photographs of his injuries were not submitted as evidence, he did not raise these claims in his Step 2 grievance.  The June 3, 2011, Step 1 grievance referred to false testimony of Sgt. Hinojosa (Ground 4 - insufficient, credible evidence).  However, he did not raise any claim about insufficiency of the evidence or about Sgt. Hinojosa's testimony in the Step 2 grievance.  Petitioner's June 3, 2011, Step 1 grievance and his Step 2 grievance do not include any claim about retaliation, which petitioner raises as a ground in his § 2254 memorandum.

As outlined above, the merits of the claims in Grounds 2, 3, and 4 and the retaliation ground raised in the memorandum were never administratively reviewed through the Step 2 grievance and petitioner's administrative remedies were not exhausted.  Any attempt to now exhaust these claims through the prison grievance system would be untimely.  Consequently, petitioner is procedurally barred from presenting Grounds 2, 3, and 4 and the retaliation ground in this federal habeas proceeding and such grounds should be DISMISSED.  Also, these Grounds lack merit.

Petitioner presented his claim under Ground 1 (claim of untimeliness of proceedings under prison rules) in his June 16, 2011, Step 1 grievance, which was returned to petitioner as redundant to his June 3, 2011, Step 1 grievance.  Petitioner also presented his claim in his Step 2 grievance, but he did not present it in his June 3, 2011, Step 1 grievance.  Respondent argues this claim is also unexhausted and procedurally barred.  While "proper use" of the grievance system would be to raise a claim in a Step 1 grievance and then appeal the grievance to Step 2, *see Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004), the prison authorities did not deny the Step 2 grievance based upon any failure to present claims in the June 3, 2011, Step 1 grievance but, instead, denied the Step 2

grievance on the merits.  Consequently, the undersigned does not find Ground 1 should be dismissed as unexhausted.

IV.

GROUND 1 - UNTIMELY DISCIPLINARY PROCEEDINGS

By his first ground, petitioner contends the offense report was not served within 72 hours and the hearing was not conducted within seven working days.  Petitioner claims he was released from prehearing detention without a pending disciplinary case after being confined for ten working days.  Petitioner claims the untimeliness of the disciplinary case and hearing violated TDCJ-ID's rules.

To prevail petitioner must show his due process rights were violated during the disciplinary process.  The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding.  In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied.  Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.  *Wolff*, 418 U.S. at 563-566.

Petitioner's claim that the disciplinary proceedings violated TDCJ-CID administrative rules is not cognizable.  A complaint that TDCJ-CID did not follow its own administrative rules is not within the scope of federal review.  Federal habeas corpus review is available only for the vindication of rights existing under <u>federal law</u>, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure.  *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations

does not raise federal constitutional issues as long as minimum constitutional requirements are met);

*see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5ᵗʰ Cir. 1986) (failure of prison officials to

follow their own rules does not establish a constitutional violation).

Further, to the extent, if any, petitioner is arguing he was denied due process because a

disciplinary case was not charged within 72 hours and a hearing was not held within ten days,

petitioner has not identified any federal authority entitling him to such.  Petitioner has not shown a

violation of the Due Process Clause regarding the timeliness of the disciplinary proceedings.

V.
### GROUND 2 - INADEQUATE DEFENSE BY COUNSEL SUBSTITUTE; CONFLICT OF INTEREST

By his second ground, petitioner contends counsel substitute provided an inadequate defense.

Specifically, petitioner claims counsel substitute did not object to a statement or testimony of the

charging officer, Sgt. Hinojosa.  Petitioner contends the statement or testimony was improper

because it differed from petitioner's statement.  Petitioner also asserts there was a conflict of interest

between counsel substitute and the disciplinary hearing officer.

The United States Supreme Court has held "inmates do not 'have a right to either retained or

appointed counsel in disciplinary hearings.'"  *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct.

1551, 1556 (1976) (citing *Wolff*, 418 U.S. at 570, 94 S.Ct. at 2981).  Under *Baxter*, petitioner may

not complain about the inadequacy of his counsel substitute at the disciplinary hearing as he was not

entitled to representation.  Since petitioner did not have a right to either appointed or retained

counsel at his prison disciplinary hearing, there was no constitutional violation on which habeas

relief can be granted on the basis of ineffective assistance of counsel substitute.  *See Enriquez v.*

*Mitchell,* 533 F.2d 275, 276 (5th Cir.1976).  Additionally, the fact that the charging officer's

statement or testimony differed from petitioner's is no basis for an objection.  Petitioner's claim

should be denied.

Petitioner's claim of a conflict of interest is conclusory. Petitioner has not alleged facts to show the disciplinary hearing was not fair and neutral. Petitioner has presented nothing to substantiate or support an allegation that the officer had undue bias or preconceived opinions. Conclusory allegations do not raise a constitutional issue for habeas review, and should be summarily dismissed. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). Petitioner's second ground is without merit and should be denied.

## VI.
## GROUND 3 - DENIED DUE PROCESS
## (DENIED OPPORTUNITY TO READ WRITTEN STATEMENT)

By his third ground, petitioner claims the disciplinary hearing officer denied petitioner his right to read his own written statement. Petitioner testified at the disciplinary hearing about what happened regarding the fight. Petitioner was not denied the opportunity to present his version of the events. Petitioner's third ground should be denied.

## VII.
## GROUND 4 - INSUFFICIENT EVIDENCE

By his fourth ground, petitioner contends the evidence was insufficient. In his memorandum, he claims the charges were false. The Fifth Circuit has declared that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, as long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001)(quoting *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986)).

Petitioner does not explain how it was insufficient, so his claim is conclusory. Nevertheless, the charging officer testified that in his investigation petitioner admitted he and another inmate

fought.   In fact, even petitioner admits to the fight but claims he was only acting in self-defense.

There was evidence to support the finding of guilt.  Petitioner's fourth ground lacks merit and should

be denied.

## VIII.
## GROUND IN MEMORANDUM - RETALIATION

In his memorandum, petitioner asserts his First Amendment rights were violated because the

disciplinary case was filed in retaliation for petitioner's engaging in protected conduct.  To state a

retaliation claim, a prisoner must allege (1) a specific constitutional right, (2) an intent to retaliate

against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4)

causation.  *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir.2003).  Similar to review of claims of

retaliation in civil rights cases, this Court regards such claims with skepticism and carefully

scrutinizes each claim, requiring an inmate show that but for the retaliatory motive, the disciplinary

charge would not have been made.  *Cf. Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Petitioner has not submitted any evidence to support his allegation of retaliation.  Instead, he

presents only his conclusory claim of retaliation.  Petitioner has not identified the constitutional right

he exercised and was retaliated against as a result.  Moreover, petitioner has not demonstrated that

but for a retaliatory motive, he would not have been charged with the disciplinary violation or would

have received a lesser punishment than the forfeiture of ninety (90) days previously accrued good

time.  Petitioner's allegations of retaliation are conclusory, fail to raise a cognizable claim on federal

habeas review, and are subject to summary dismissal.  Accordingly, petitioner retaliation ground

should be denied.

## IX.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by

petitioner OSCAR RAMIREZ be DISMISSED and in the alternative DENIED as to Grounds 2, 3, and 4 and DENIED as to Ground 1.

## X.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___26th___ day of February 2015.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)©, or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).